UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH ZHENG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0012-X |
| | § | |
| RACETRAC, INC. et al, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

The Court has considered Plaintiff Joseph Zhang's Motion for Leave to Amend his Original Petition and to Remand. (Doc. 13). After careful consideration, because the amended complaint destroys the Court's diversity jurisdiction, the Court **GRANTS** the motion and **REMANDS** the case to state court.

### I.   Background

Joseph Zheng was dissatisfied with the "taquete" rolls he purchased from RaceTrac, Inc.'s 3510 Carbon Road, Irving, Texas location and wanted a refund. But instead of receiving a refund, he allegedly received a shower of hot water from a RaceTrac employee. This alleged assault caused burns and required a trip to the hospital for medical care.

Zheng filed this suit, raising several claims, against defendants Racetrac, Inc. and "JANE DOE" the "employee of RaceTrac" that allegedly caused his injuries. RaceTrac removed the case to federal court, asserting this Court has diversity

1

jurisdiction under 28 U.S.C. § 1332.  Because "JANE DOE" is a fictitious name, the Court disregarded her citizenship for diversity purposes.[1]

At some point during litigation, Zheng learned that Alexandria (Alex) Vasquez is the alleged hot water assailant.  So he sought leave to amend his complaint to substitute Alexandria (Alex) Vasquez for "JANE DOE" as a defendant.  Because Vasquez is a citizen of Texas, Zheng moved to remand the case to state court.

## II.    Analysis

A proposed amendment to substitute a named party for a fictitiously named party may be considered under Federal Rule of Civil Procedure 15.[2]  Rule 15(a)(2) has been interpreted to provide a "strong presumption in favor of granting leave to amend."[3]  So courts "freely give" leave to amend "when justice so requires."[4]  That said, a court may deny leave to amend when there is a showing of undue delay, bad faith, undue prejudice, or futility.[5]  The Fifth Circuit has held that courts should grant amendments unless "the justification for denial is readily apparent" and "the record reflects ample and obvious grounds for denying leave to amend."[6]

RaceTrac argues that Zheng's amendment is both in bad faith and futile because Zheng was informed of Vasquez's identity months prior to his motion and Zheng's claims are time barred.  The Court cannot conclude that the justification for

---

[1] 28 U.S.C. § 1441(b)(1).

[2] *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001).

[3] *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).

[4] *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Marucci Sports, L.L.C. v, Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

denial is readily apparent from the record. Accordingly, the Court **GRANTS** the motion to amend the complaint. Alexandria (Alex) Vasquez is now substituted for "JANE DOE."

And because his amended complaint destroys diversity between the parties, the Court lacks jurisdiction and must remand.[7]

The Court **REMANDS** Joseph Zheng's claims to state court.

**IT IS SO ORDERED** this 12th day of December, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[7] *Michalson*, 264 F.3d at 477 (holding that 28 U.S.C. § 1441(a)'s directive to disregard fictitious parties for purposes of diversity does not apply once the party is identified, and that such identification can destroy diversity jurisdiction).